---

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVVILLAGEON

| | | |
|---|---|---|
| **MARY GRANZIANO-MATTHEWS, KEVIN SHAW &** | ) | |
| **VERNELL TOBIAS**, | ) | |
| | ) | |
| **Plaintiffs** | ) | **No: 18 CV 4829** |
| | ) | |
| vs. | ) | |
| | ) | |
| **VILLAGE OF FORD HEIGHTS,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

---

### COMPLAINT
### AS AND FOR A FIRST CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION TO THE ADEA)

NOW COMES the Plaintiff, **MARY GRANZIANO-MATTHEWS ("MATTHEWS"),**

**KEVIN SHAW ("SHAW") & VERNELL TOBIAS,** ("TOBIAS"), by and through

their attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the

**VILLAGE OF FORD HEIGHTS,** ("Defendant" or "VILLAGE"), and states as follows:

### JURISDICTION AND VENUE

1.    Plaintiffs brings this action for benefits under the Age Discrimination in

Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. §

621-634, under the specific provisions of the Age Discrimination in Employment Act,

viz. 29 U.S.C. § 626(c).

2.    Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age

Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3.    The employment practices hereafter alleged to be unlawful were and are now

being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

## AS AND FOR A FIRST CAUSE OF ACTION BY MARY
## GRAZIANO-MATTHEWS AGE DISCRIMINATION

4.    MATTHEWS is an adult person and a resident of Maywood, Cook County, State of Illinois.

5.    MATTHEWS was an employee of VILLAGE, starting in October of 2014 until her wrongful termination on May 8, 2017.

6.    At all times relevant, VILLAGE body politic organized under the laws of the State of Illinois.

7. VILLAGE is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

7.    MATTHEWS was a Village Administrator for VILLAGE until being terminated on May 8, 2017.

8.    At all times relevant, VILLAGE and has continuously had and now have more than 15 employees.

9.    MATTHEWS was 56 years of age at the relevant times and falls within the group protected by the ADEA.

10.    At all times material herein and hereinafter mentioned VILLAGE has engaged in and employed its employees, at all times material herein, engaged in commerce within the meaning of the ADEA.

11.    VILLAGE is an employer within the meaning of the ADEA.

12. On or about May 8, 2017, while meeting the minimum standards of her employer,

the defendant willfully discriminated against MATTHEWS because of her age by treating her differently in terms and conditions, telling MATTHEWS she didn't feel comfortable with her working for her and then subjecting her to an adverse employment action by terminating her from employment and replacing her with significantly younger person.

13.    As a result of VILLAGE's actions and termination, the MATTHEWS has been deprived of her wages and employment benefits.

14.   In addition, the MATTHEWS seeks to be reinstated, but if she is not reinstated, she will continue to be deprived of wages and employment benefits in the future. The MATTHEWS is therefore entitled to an award of front pay if reinstatement is not possible.

15.   VILLAGE's conduct was at all times willful and wanton entitling MATTHEWS to liquidated damages.

## PROCEDURAL FACTS

16.   MATTHEWS protested her unlawful treatment filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago ("EEOC"), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. The EEOC did then issue a Notice of Right to Sue letter on April 27, 2018. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

17.    This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

  WHEREFORE, the MATTHEWS prays that the court order such relief as is necessary

to make the plaintiff whole, including:

 1. Reinstatement or, alternatively, front pay;

 2. Damages, including loss of pay and benefits;

 3. Statutory liquidated damages due to the VILLAGE's willful conduct;

 4. Attorneys' fees and costs incurred in this action

 5. Such other relief as is just and equitable.

 6. The plaintiff requests a jury trial of this action.

**AS AND FOR A SECOND CAUSE OF ACTION BY KEVIN SHAW**
**AGE DISCRIMINATION**

18. SHAW repeats and realleges paragraphs one to three set forth above with the same force and effect as if more fully set forth herein.

19. SHAW is an adult person and a resident of Ford Heights, Cook County, State of Illinois.

20. At all times relevant, VILLAGE body politic organized under the laws of the State of Illinois.

21. VILLAGE is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

**STATEMENT OF FACTS**

22. SHAW was an employee for VILLAGE until being terminated on May 8, 2017.

23. At all times relevant, VILLAGE and has continuously had and now have more than 15 employees.

24. SHAW was 63 years of age at the relevant times and falls within the group protected by the ADEA.

25. At all times material herein and hereinafter mentioned VILLAGE has engaged in

and employed its employees, at all times material herein, engaged in commerce within the meaning of the ADEA.

26.   VILLAGE is an employer within the meaning of the ADEA.

27. On or about May 8, 23017, while meeting the minimum standards of his employer, the defendant willfully discriminated against SHAW because of his age by treating him differently in terms and conditions of employment, and then subjecting him to an adverse employment action by telling SHAW that he was being terminated him from employment and replacing him with significantly younger person who also was less qualified then him.

28.   As a result of VILLAGE's actions and termination, the SHAW has been deprived of his wages and employment benefits.

29.   In addition, the SHAW seeks to be reinstated, but if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. SHAW is therefore entitled to an award of front pay if reinstatement is not possible.

30.   VILLAGE's conduct was at all times willful and wanton entitling the SHAW to liquidated damages.

## PROCEDURAL FACTS

31.   SHAW protested his unlawful treatment filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago ("EEOC"), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "C" and incorporated herein. The EEOC did then issue a Notice of Right to Sue letter on April 17, 2018. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "D" and incorporated herein.

32    This action has been timely filed within ninety (90) days of the receipt of the

Notice of Right to Sue

 WHEREFORE, the SHAW prays that the court order such relief as is necessary to make

the plaintiff whole, including:

    1. Reinstatement or, alternatively, front pay;

    2. Damages, including loss of pay and benefits;

    3. Statutory liquidated damages due to the VILLAGE's willful conduct;

    4. Attorneys' fees and costs incurred in this action

    5. Such other relief as is just and equitable.

    6. The plaintiff requests a jury trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION BY VERNELL TOBIAS AGE DISCRIMINATION

 33.   TOBIAS repeats and realleges repeats paragraphs one to three set forth above

with the same force and effect as if more fully set forth herein.

allegation set forth above with the same force and effect as if more fully set forth herein.

 34.   TOBIAS is an adult person and a resident of Chicago, Cook County, State of

Illinois.

 35.    At all times relevant, VILLAGE body politic organized under the laws of the

State of Illinois.

 36. VILLAGE is an employer within the meaning of the ACT and has been at all times

 material to the allegations herein.

### STATEMENT OF FACTS

 37.    TOBIAS was a employee for VILLAGE performing the duties as the Head of

Economic Development until being terminated on May 8, 2017.

38.    At all times relevant, VILLAGE and has continuously had and now have more than 15 employees.

39.    TOBIAS was 62 years of age at the relevant times and falls within the group protected by the ADEA.

40.    At all times material herein and hereinafter mentioned VILLAGE has engaged in and employed its employees, at all times material herein, engaged in commerce within the meaning of the ADEA.

41.    VILLAGE is an employer within the meaning of the ADEA.

42. On or about May 8, 23017, while meeting the minimum standards of his employer, the defendant willfully discriminated against TOBIAS because of his age by treating him differently in terms and conditions of employment, and then subjecting him to an adverse employment action by terminating him from employment and replacing him with significantly younger person who also was less qualified then him.

43.    As a result of VILLAGE's actions and termination, the TOBIAS has been deprived of his wages and employment benefits.

44.    In addition, the TOBIAS seeks to be reinstated, but if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. TOBIAS is therefore entitled to an award of front pay if reinstatement is not possible.

45.  VILLAGE's conduct was at all times willful and wanton entitling the TOBIAS to liquidated damages.

**PROCEDURAL FACTS**

46.  TOBIAS protested his unlawful treatment filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago ("EEOC"),

Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "E" and incorporated herein. The EEOC did then issue a Notice of Right to Sue letter on June 20, 2018. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "F" and incorporated herein.

47    This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

WHEREFORE, the TOBIAS prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the VILLAGE's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

**MARY GRANZIANO-MATHEWS,**
**KEVIN SHAW        )**
**VERNELL TOBIAS**
BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith 6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099

8